UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES ESCOBAR,

Plaintiff,

vs.                                             Case No.:

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3.      This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.      Plaintiff, Andres Escobar, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant AllianceOne Receivables Management, Inc. (hereinafter "Alliance"), a Delaware corporation, is a collection agency operating from an address of 4850 E. Street Road, Suite 300, Trevose, PA 19053, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Alliance regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8.      Alliance regularly collects or attempts to collect debts for other parties.

9.      Alliance is a "debt collector" as defined in the FDCPA and FCCPA.

10.      Alliance was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

11.      Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions that were primarily for personal purposes, specifically, a personal credit card debt.

14.      Within 5 days of its initial communication with Plaintiff, Defendant failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15.     Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated. Further, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

16.     The Defendant did not provide Plaintiff with written notice of assignment from creditor, within 30 days after the assignment.

<u>COLLECTION CALLS</u>

17.     On or about the month of April 2014, Alliance's collectors contacted Plaintiff by telephone, on more than one occasion, in efforts to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

18.     During these calls, Defendant repeatedly left the following voicemail messages for Plaintiff on his voicemail on or about the dates stated, with the attempt to harass Plaintiff, and failed to identify itself as a debt collector:

> <u>866-554-5630-04/11/14 at 12:57 pm</u>
> Please return the call to Veronica Summit at 800-346-7979. Thank you. *(Female voice)*
>
> <u>866-554-5630-04/16/14 at 8:18 am</u>
> Please return the call to Veronica Summit at 800-346-7979. Thank you. *(Female voice)*
>
> <u>866-554-5630-04/24/14 at 2:52 pm</u>
> Please return the call to Veronica Summit at 800-346-7979. Thank you. *(Female voice)*

19.     Defendant's voicemail messages failed to disclose that it was a debt collector and that it was attempting to collect a debt from the Plaintiff.

## SUMMARY

20.     All the above-described collection communications made to Plaintiff by Defendant, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(6), and 1692e(11), as well as violations of FCCPA. During its collection communications, Defendant and the individual debt collectors employed by Alliance failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), and 1692e(11), amongst others.

21.     Defendant's communications, as detailed above, with Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA, as stated herein. Defendant willfully or knowingly violated FDCPA and FCCPA.

## TRIAL BY JURY

22.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7.  Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

23.     Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

COUNT 2

FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR<br>15 U.S.C. § 1692e

26.     Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

27.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

COUNT 3

FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY<br>15 U.S.C. § 1692d

28.     Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

29.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

COUNT 4

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT<br>15 U.S.C. § 1692g

30.     Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

31.     Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt.

32.     Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 5

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

33.     Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

34.     The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

35.     As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 6

### VIOLATION OF §559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36.     Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

37.     The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

38.     Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)      Damages;

b)      Reasonable attorney's fees and costs; and

c)      Such further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  August 21, 2014                                Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (888) 460-7585
*Lead Trial Counsel for Plaintiff*

/s Lydia C. Quesada
LAW OFFICES OF LYDIA C. QUESADA P.A.
Lydia C. Quesada, Esq.
E-mail: lydia@lquesadalaw.com
Florida Bar No: 0191647
1165 W. 49th Street, Suite 107
Hialeah, Florida 33012
Telephone: (305) 824-9800
Facsimile: (305) 824-3868
*Co-Counsel for Plaintiff*

SERVICE LIST

AllianceOne Receivables Management, Inc.
c/o C.T. Corporation System, as Registered Agent
1200 South Pine Island Road
Plantation, Florida 33324
Defendant